STEWART MACLIN ET AL. v. E. BLOOM.

1. INSTRUCTION AS IN CASE OF NONSUIT. *Refusal to give. How point reserved.*
Where the plaintiff's evidence fails to make out his case, and the court erroneously refuses to instruct as in case of nonsuit, if the defendant declines to further defend, and suffers verdict, the Supreme Court will reverse. But if, after the refusal, he introduces testimony, and takes his chance before the jury, he waives his objection; and where the defects are supplied by further testimony, either on his part or that of the plaintiff, and eventual justice is done, a reversal will not be granted.

2. VERDICT. *Separation of jury. Power to reassemble and correct verdict.*
A jury in a civil case having leave, by consent of parties, to return their verdict to the clerk during the recess of court, brought in to him a verdict not specifying the amount, and were suffered by him to separate. On the discovery of the defect next morning, they were reassembled, sent back to their consultation room, and returned a proper verdict. *Held,* that the second verdict was legal.

3. MARRIED WOMAN. *Judgment against. Form.*
A judgment against a married woman should award satisfaction out of her separate property.

ERROR to the Circuit Court of Hinds County.

Hon. S. S. CALHOON, Judge.

*Shelton & Shelton,* for the plaintiffs in error.

1. The motion to instruct as in case of nonsuit should have been sustained. The case was not made out by the proof. *Viser* v. *Scruggs,* 49 Miss. 709; *Clopton* v. *Matheny,* 48 Miss. 293; *Choppin* v. *Harmon,* 46 Miss. 304.

2. The judgment is erroneous in awarding a general execution against the married woman. *Bank* v. *Williams,* 46 Miss. 627; *Cary* v. *Dixon,* 51 Miss. 600.

3. The court erred in re-submitting the case to the jury, and the second verdict is a nullity as well as the first. 43 Miss. 82; 8 Ga. 208; 20 Maine, 339; 7 Wis. 527; 48 Wis. 395; 2 Brev. (S. C.) 86.

*M. Green,* for the defendant in error.

1. There was no error in re-submitting the case to the jury.

*Prussel* v. *Knowles*, 4 How. (Miss.) 90 ; *Friar* v. *State*, 3 How. (Miss.) 422.

2. A nonsuit cannot be ordered by the court without the consent of the plaintiff. 1 Pet. 447 ; 6 Pet. 598 ; 13 Johns. 334 ; 6 Pick. 117 ; 1 S. & R. 360 ; 4 Vt. 363 ; 1 Pet. 469 ; 2 Bailey (S. C.), 321 ; 14 How. 218 ; 23 How. 172 ; Hempst. 8 ; 1 Blatch. 445 ; 5 Blatch. 87 ; 7 Ala. 525 ; 5 Ark. 72 ; 8 Mo. 665, 681 ; 5 Blackf. (Ind.) 115 ; 16 Ala. 241 ; 9 Ind. 551 ; 2 Kansas, 490 ; 2 Dougl. (Mich.) 124 ; 13 Ired. (N. C.) L. 450 ; 4 Yerg. (Tenn.) 528 ; 14 Ark. 706 ; 12 S. & M. 550 ; 3 How. (Miss.) 332. The refusal to sustain the motion for nonsuit is not subject to exception, and cannot be reviewed in the Appellate Court. *Perley* v. *Little*, 3 Greenl. 97 ; *Bragdon* v. *Appleton Ins. Co.*, 42 Maine, 260 ; *Clason* v. *Bird*, 2 Brev. (S. C.) 370, note ; *Smith* v. *Smith*, 8 Ired. (N. C.) L. 31 ; 4 Cushing, 418 ; 21 Maine, 518. Introduction of evidence for the defendant is a waiver of the motion. *McGregory* v. *Prescott*, 5 Cushing, 67.

CHALMERS, J., delivered the opinion of the court.

The plaintiff offered in evidence a promissory note signed by the defendant, Stewart Maclin, in his own behalf, and as agent for his wife, for $56.60, "being balance due for lumber and materials furnished by Bloom for the construction of a building situated on the south side of Pearl Street, east of and immediately adjoining the premises owned and occupied by L. Kavanaugh." He then introduced as a witness the defendant S. Maclin, who testified that Sylphia Maclin was his wife, and owned the property described in the note. Here the plaintiff rested. Thereupon the wife, by her counsel, moved the court to instruct the jury as in case of nonsuit, which the court declined to do ; to which refusal of the court she excepted. Mrs. Maclin then having introduced her evidence, and the case having been submitted to a jury, a verdict was returned for the plaintiff.

The first error assigned is the refusal of the court below to grant the instruction as for a nonsuit. We think that the instruction might well have been given, because we do not see how the testimony tended to prove the consent of the wife to the contract made by the husband, and to which he had

signed her name ; and the consent of the wife is necessary in this class of contracts. Code 1871, § 1780.

But was the circuit judge bound to give the instruction, and will this court reverse because of his refusal to do so ? It was said in *Garnett* v. *Kirkman*, 33 Miss. 389, 405, that " when the evidence wholly fails to make out the plaintiff's case, and when it does not tend in any just legal view to establish it, it is the duty and province of the court so to instruct the jury." It was further said, that in such case " the court is bound, upon the motion of the defendant, to instruct the jury to find as in case of nonsuit." But this was after the case had been fully heard by evidence on both sides.

Is the rule the same where the defendant declines to introduce any evidence, and demands that the court shall instruct the jury that the plaintiff has not made out his case ? It must be so, if the defendant in fact declines to make defence after the refusal of the court to grant the instruction, and suffers verdict and judgment to be entered against him ; because this would be a finality, and upon appeal he could assign for error the improper action of the court below.

But the same result will not follow if, after the refusal of the judge, he introduces his testimony, and takes his chance before the jury. In such case he will be held to have waived his objection to the action of the court, and to have submitted his cause to the jury, and subsequently to the Appellate Court, on all the testimony in the case ; and if the record shows that justice was eventually done, and that the defects in the plaintiff's original presentation of his case were supplied, either by further testimony on his part, or by that adduced by the defendant, a reversal will not be granted, because of the erroneous action of the court in refusing to give the instruction in the first instance. Thus it is said in *May* v. *Buckeye Ins. Co.*, 25 Wis. 291, 303, to be " a familiar rule, that even when, strictly speaking, a motion for a nonsuit ought to have been granted for some defect in the proof, yet if it is overruled, and the defect subsequently supplied, there is no ground for reversal." To the same effect is *McGregory* v. *Prescott*, 5 Cushing, 67, where, speaking of the action of the lower court in refusing an instruction of this character, the Appellate Court said, " Treat-

ing it as a motion for a nonsuit, the defendant waived it by offering evidence on his part." In the case at bar no exception is taken to the rightfulness of the finding by the jury on the evidence submitted to them.

It is assigned for error, however, that no legal verdict was rendered, by reason of the fact that the jury having been given leave, by consent of parties, to return their verdict to the clerk during the recess of the court, brought in to the clerk a verdict for the plaintiff, without specifying any amount, and were thereupon suffered by the clerk to separate. Next morning, the defect having been discovered, they were reassembled, and sent back to their consultation room, from which they soon returned a proper verdict. There was no error in this. The first finding was simply void, and the case stood just as if they had found no verdict at all. The consent that they might return their verdict to the clerk implied a power in that officer to allow a separation until morning, if they did not agree. Manifestly, under these circumstances, the court had authority to reassemble them next morning, and cause them to consider further of the issue.

The judgment against the wife was improperly entered in not awarding satisfaction out of her separate property. It will be corrected here, and                    *Affirmed.*