WESTLEY RICHARDSON *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Indictment. Code* 1892, § 969. *Pointing, etc., gun.*

An indictment under code 1892, § 969, making it a crime to point or aim a firearm at another intentionally, or to discharge the same so pointed or aimed, except in self-defense, or in the lawful discharge of official duty, need not, in negativing the exception of self-defense, use the word "necessary" before the words "self-defense."

2. SAME. *Injury. Certainty.*

An indictment under the statute charging that the defendant pointed a pistol at another (named), and "did then and there, while so intentionally pointing said pistol, willfully and feloniously discharge the same and injured" such other person, sufficiently charges that the injury was caused by the discharge of the weapon.

3. SAME. *Assault and battery with intent to kill   Autrefois acquit.*

An acquittal under an indictment for an assault and battery with intent to kill and murder, predicated of the same acts, is not a bar to a prosecution under said statute.

FROM the circuit court of Oktibbeha county.

HON. EUGENE O. SYKES, Judge.

Richardson, the appellant, was indicted for an assault and battery with intent to kill and murder Henrietta Pierce.   At the November, 1900, term of the circuit court he was tried on said charge and acquitted, and at the same term of the court he was indicted by the grand jury under § 969 of the code of 1892. The indictment, as found by the grand jury, was as follows: "The grand jurors of the State of Mississippi, elected, summoned, impaneled, sworn, and charged to inquire in and for the body of Oktibbeha county, State of Mississippi, at the term aforesaid of the court aforesaid, in the name and by the authority of the State of Mississippi, upon their oaths present, that Westley Richardson, late of the county aforesaid, on

the fifth day of November, A.D. 1900, with force and arms, in the county aforesaid, and within the jurisdiction of this court, not being in necessary self-defense, nor in the lawful discharge of his official duty, did, unlawfully and feloniously and intentionally, point a pitsol at and towards Henrietta Pierce, and did then and there, while so intentionally pointing said pistol, willfully and feloniously discharge the same, and injure the said Henrietta Pierce, contrary to the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.'' To this indictment the defendant demurred, setting up, among other grounds of demurrer, that the indictment does not follow the language of the statute, and inserts the word '' necessary '' as a qualification of self-defense. The demurrer was overruled in the court below, and the word '' necessary,'' preceding the word '' self-defense,'' was ordered by the court stricken out of the indictment. Defendant then filed a plea of *autrefois acquit*, setting up the acquittal above mentioned. To this plea the district attorney demurred. The demurrer to the plea was sustained, and a trial was had, which resulted in the conviction of defendant, and he prosecuted an appeal to the supreme court.

*G. Odie Daniel*, *B. F. Bell, Jr.*, and *Carroll & Magruder*, for appellant.

The plea of *autrefois acquit* was good, and the court below erred in sustaining the state's demurrer thereto. The pointing of a loaded pistol at one who is in range, is an assault. Cooley on Torts, 184. A successful assault is a battery. *Ib.* It follows that appellant was charged by the indictment in this case with an assult and battery on the injured party; the charge was necessarily embraced in the indictment. This assault and battery was also embraced, as a lesser constituent crime, in the indictment for assault and battery with intent to kill and murder, upon which appellant was tried and acquitted. Jeopardy of the higher is jeopardy of the lower constituent offense. The

state cannot begin with the highest and go down step by step, bringing the accused into jeopardy for every dereliction included therein.    1 Bishop on New Crim. Law, Sec. 1057.

The indictment was bad, and the demurrer thereto should have been sustained.    First, it was and is uncertain, and deprives defendant of his right to know specifically with what he is charged; second, it does not follow the technical language of the statute, and fails to show that the injury was the result of the discharge of the weapon.    *Lewis* v. *State*, 49 Miss., 354; *Dee* v. *State*, 68 Miss., 601.

The court below further erred in permitting the qualifying adjective "necessary" before the words "self-defense" to be stricken from the indictment.

*Monroe McClurg*, attorney-general, for appellee.

The demurrer to the plea of *autrefois acquit* was properly sustained.    *Washington* v. *State*, 76 Miss., 270.    The offenses were not the same.    *Smith* v. *State*, 67 Miss., 116; *Ball* v. *State*, 67 Miss., 358; *Jones* v. *State*, 66 Miss., 381; *Pope* v. *State*, 63 Miss., 53; *Rolls* v. *State*, 52 Miss., 391.    The appellant was most properly convicted, and deserves to be punished. There is no error apparent of record.

CALHOON, J., delivered the opinion of the court.

The indictment is good enough.    It charges with sufficient certainty that the injury was caused by the discharge of the weapon.    The word "necessary" before the word "self-defense" is not essential, since the statute (code § 969) does not require it.    The previous acquittal on an indictment for an assault and battery with intent to kill and murder is no bar to this indictment for pointing a gun, etc.    Granted that it would have been a bar if the previous acquittal had been on a charge of murder or manslaughter, this would have been because of the express provision of code, § 969, and it does not apply to assault and battery.

*Affirmed.*