JARMAN *v.* STATE.

(Division A.   March 8, 1937.)

[172 So. 869.   No. 32548.]

Neill & Townsend, of Indianola, for appellant.

Webb M. Mize, Assistant Attorney General, for the state.

Argued orally by S. D. Neill, for appellant.

**Smith, C. J.,** delivered the opinion of the court.

The appellant was convicted of murder and sentenced to the penitentiary for life. His complaint is that the court below refused to direct the jury to find him not guilty.

The appellant, a negro, was living on a plantation managed by the deceased, a white man. On the day of the homicide he procured a wagon from a neighboring plantation for the purpose of removing thereto, and drove it to the house in which he was then living. He then entered the house and closed the door. The house was a two-room cabin with a porch in front. Immediately after the appellant entered the house, the deceased approached it, walking rapidly, went upon the porch and knocked at the door, which was immediately opened. What then occurred, in the language of the appellant, who testified in his own behalf, was this: "He (the deceased) asked me (the appellant) what I was doing bringing the team on his place like that and I opened my mouth to reply and he hit me with the pistol and I went out of the house and he throwed a piece of iron at me." The only other witness to what occurred, Nellie Roby, who testified for the state, corroborated the appellant's testimony, except that she said nothing as to what the deceased then said to the appellant. She did not, however, negative the appellant's statement thereof. The deceased then, according to the evidence both for the state and the appellant, ordered the appellant, at the point of a pistol, to return, saying that, "He wanted to show him what a man was." Both the deceased and the appellant then re-entered the house, and what occurred there is disclosed only by the testimony of the appellant himself, which was, in substance: The deceased then said to the appellant, "Get down here, I am going to give you a lesson." The appellant proceeded to "get down" in obedience to this

command, when the deceased struck him with an iron poker. The appellant then started to get up, when the deceased again struck him with the poker, and then shot at him, but missed him because of appellant's attempt to grab the pistol. The appellant then started toward the corner of the room against the wall of which a shotgun was standing. To make a long story short, the deceased shot the appellant three times before appellant secured the gun, and, upon getting possession of it, the appellant left the house by the back door thereof, carrying the gun with him. The deceased then, unharmed, left the house by the front door. According to the appellant, after both had left the house, the deceased again attempted to shoot him, whereupon the appellant shot and killed the deceased. So far, the evidence discloses a perfect case of self-defense. Nellie Roby, however, testified that when the deceased came out of the house he was walking away therefrom without doing anything when shot by the appellant. On cross-examination she specifically stated that she was not looking at the deceased when he was shot by the appellant, but was looking at the appellant and did not then see what the deceased was doing.

Assuming that Nellie's first statement negatived the appellant's claim that at the time he shot the deceased he was acting in self-defense, that statement is obliterated by the further statement that she did not see the deceased at the time, and did not know what he was doing. The deceased, when shot, fell and died instantly, and immediately thereafter the appellant went to his body and picked up the deceased's pistol and left the scene, but some hours thereafter he voluntarily surrendered to a police officer. There is nothing in other portions of the evidence that would warrant the jury in rejecting the appellant's version of what occurred; consequently, the court below should have granted the ap-

pellant's request for a directed verdict of not guilty; and without going "through the useless formality of having the jury to retire and actually find the verdict directed, . . . should . . . have rendered judgment as if upon verdict found." Hairston v. Montgomery, 102 Miss. 364, 59 So. 793, 794; Yazoo & M. V. R. Co. v. Pope, 104 Miss. 339, 61 So. 450.

The judgment will be reversed, and in accordance with section 3378, Code 1930, the judgment which the court below should have, will be here, rendered, i. e., a judgment discharging the appellant. Authorities, supra.

Reversed and appellant discharged.