STATE *v.* DESOLEE THORNHILL

No. 43360          January 25, 1965          171 So. 2d 308

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellant.

720

*Philip Singley, Roy J. Goss,* Columbia, for appellee.

Rodgers, J.

The appellee, Desolee Thornhill, was tried on an indictment charging her with the murder of L. B. Polk, who was Sheriff of Marion County, Mississippi, at the time of the alleged assassination. After the State had introduced evidence and had rested its case, the defendant made a motion for a directed verdict of acquittal. This motion was at that time overruled. The defendant offered no testimony. The jury was unable to agree and it was discharged. The record now shows, by stipulation, that the attorneys for the defendant made an oral motion in substantially the same form as had been previously presented in writing, again asking for a directed verdict of acquittal. The trial judge took the motion under advisement. The motion was later reduced to writing, verified and filed with the clerk, in which it was alleged that the State of Mississippi wholly failed to introduce competent testimony to sustain a criminal charge against the defendant, and that defendant had been imprisoned

without bond for three years upon a charge that the State failed to sustain. Thereafter, during the same term of court, the trial judge entered an order sustaining the petition dismissing the charge, and discharging the defendant.

The State of Mississippi has appealed and assigned two errors: (1) It is contended that the court erred in directing the verdict after the jury had been discharged. (2) The court erred in excluding from the evidence the record of the conviction of Hilliary Thornhill and Willie McCain.

The indictment for murder against the defendant, Desolee Thornhill, in this case, and a companion case in which Basil Rogers was charged with the murder of L. B. Polk, have been to this Court in various forms on several occasions. A case history of this tragedy may be found in the following reports: Rogers v. State, 243 Miss. 219, 136 So. 2d 331 (1962); Rogers v. State, 241 Miss. 593, 130 So. 2d 856 (1961); Rogers v. Jones, 240 Miss. 610, 128 So. 2d 547 (1961).

The State contends that the trial judge had no authority to direct a verdict and dismiss the charge against defendant after the jury had failed to reach a verdict, and had been discharged for the reason that there was no jury to instruct to acquit her. It is also argued that the order of the judge cannot be considered as a judgment non obstante veredicto, because the jury returned no verdict.

Many years ago this Court pointed out that there was no such thing known to criminal law as a demurrer to the evidence, and said "The object to be attained by a demurrer to evidence might be reached by motion at the conclusion of the evidence for the prosecution. If clearly a case is not and can not be made out, a discharge of the accused, if desired by him, is authorized by section 2872 of the Code, the judge and district attorney being satisfied of the propriety of so doing. But,

if demanded, the accused has a right to a verdict, and acquittal in a proper case being readily secured by the prosecuting attorney, with the assent and under the instructions of the court." Nelson v. State, 47 Miss. at p. 632 (1873).

██ █ It has long been the practice in the criminal courts of Mississippi to test the sufficiency of the evidence by making a motion requesting the court to direct a verdict in favor of the accused. This has been accepted as a substitute or in the nature of a demurrer to the evidence, and is subject to the same rules. Kearney v. State, 224 Miss. 1, 79 So. 2d 468 (1955); Smith v. State, 198 So. 561 (Miss. 1940); Griffin v. State, 197 So. 832 (Miss. 1940); McLendon v. State, 187 Miss. 247, 191 So. 821 (1939); Woods v. State, 186 Miss. 463, 191 So. 283 (1939); Jackson v. State, 185 So. 201 (Miss. 1938); Davenport v. State, 144 Miss. 273, 109 So. 707 (1926). Our criminal procedure in this respect seems to be in accord with most of the state courts. 23A C. J. S. *Criminal Law* § 1145 (3) c. (1961); 53 Am. Jur. *Trial* §§ 333, 336 (1945).

██ █ The circuit courts of Mississippi are courts of original jurisdiction, Mississippi Constitution 1890 Section 156, and as such they ". . . have all the powers belonging to a court of oyer and terminer and general jail delivery . . . ." Miss. Code Ann. § 1428 (1942). See also Miss. Code Ann. § 2418 (1942); 14 Am. Jur. *Courts* § 159 (1938); 88 C.J.S. *Trial* § 250 (1955). Our criminal courts have all of the common-law power of English criminal courts to examine, try and deliver every prisoner who is in jail or under charge within the jurisdiction of the court. Bouvier's Law Dictionary, *Courts of Oyer and Terminer and General Gaol Delivery.*

██ █ In the case of Jakup v. Lewis Grocer Co., 190 Miss. 444, 200 So. 597 (1941), at p. 599, this Court said: "From the beginning of the judicial history of this State

the power and duty of trial judges to grant peremptory instructions and to set aside verdicts has been recognized as an integral part of our state constitutional system." It is the duty of the trial court to direct a verdict for an accused when the court has determined that there is no competent evidence, or competent and substantial evidence, legally sufficient to sustain the charge against the defendant, or the testimony is insufficient to overcome the presumption of innocence. McLendon v. State, 187 Miss. 247, 191 So. 821 (1939); Woods v. State, 186 Miss. 463, 191 So. 283 (1939); Jackson v. State, 185 So. 201 (Miss. 1938); Bogan v. State, 176 Miss. 655, 170 So. 282 (1936); Sones v. State, 155 So. 188 (Miss. 1934); Justice v. State, 170 Miss. 96, 154 So. 265 (1934); Davenport v. State, 144 Miss. 273, 109 So. 707 (1926); 53 Am. Jur. *Trials* § 333 (1945).

The argument of the Attorney General on behalf of the State of Mississippi does not challenge the authority of the court to dismiss or nolle prosequi a criminal charge and to discharge an accused. The real issue here presented is whether or not the order of the trial court sustaining the motion of the accused constituted a trial and acquittal upon the merits or constituted a nolle prosequi and dismissal. If the order of the court was a nolle prosequi as contemplated by Mississippi Code Annotated Section 2566 (1942), the defendant may be reindicted, (State v. Kennedy, 96 Miss. 624, 50 So. 978 (1910) ), or he may be tried upon an indictment charging accused with another offense actually committed for which defendant was not tried. Miss. Code Ann. § 2433 (1942); Smithey v. State, 93 Miss. 257, 46 So. 410 (1908); Richardson v. State, 79 Miss. 289, 30 So. 650 (1901). On the other hand, if the defendant were acquitted upon the merits of her case by reason of a directed verdict, such acquittal is a bar to any future accusation for the same offense. Miss. Code Ann. § 2434 (1942). Appeal does not subject the

defendant to further prosecution. Miss. Code Ann. § 1153 (1942).

It is the theory of the State that since the jury had been unable to agree and had been discharged, the trial judge had no authority to further direct or instruct the jury. We cannot agree with this thesis. It has been pointed out by the court that the trial judge on the bench has the power and duty of supervision and review of jury verdicts. Harris v. Pounds, 185 Miss. 688, 187 So. 891 (1939).

As early as 1877, in the case of Stewart Maclin v. Bloom, 54 Miss. 365, this Court held in a civil case that the court could reassemble the jury after it had been discharged for the purpose of returning a proper verdict. This case has been cited with approval in the case of Miss. Central R. Co. v. Roberts, 173 Miss. 487, 160 So. 604 (1935); Annot. 66 A. L. R. 561 (1930).

In the case of Anderson v. State, 231 Miss. 352, 95 So. 2d 465 (1957), this Court held that a trial judge had the authority in a criminal case to reassemble the jury even after it had separated, and to direct the jury to reconsider its verdict when satisfied that there had been a palpable mistake. See Miss. Code Ann. § 1516 (1942).

We are then confronted with the question, does the authority to reassemble the jury and direct its deliberation give the court the authority to enter a directed verdict of acquittal without reassembling the jury? For the following reasons, we are of the opinion the court has the authority to reassemble the jury, and to direct a verdict without the necessity of recalling the jury.

In the case of McLendon v. State, 187 Miss. 247, 191 So. 821 (1939), this Court held that it was not necessary in a criminal case to go through the formality of having a jury retire and actually find the verdict directed. We held in that case that the court would enter the judgment as if the jury had returned a verdict of

not guilty. This rule was reaffirmed in the case of Jarman v. State, 178 Miss. 103, 172 So. 869 (1937).

We are not alone in our conclusion reached on this point. In the case of Rosati v. H. W. E., Inc., 81 N.Y. Supp. 2d 412, 414 (1948), the New York Civil Practice Act gave the defendant the right to request a directed verdict. The defendant filed a motion and insisted that the court pass upon the motion even after the jury had been discharged. The Supreme Court pointed out that although the facts were submitted to a jury, the defendant was not estopped, after the jury disagreed, to press his motion for a directed verdict, because it said ". . . the court is still required to examine the question of law . . . ." There is a different rule in this State however when the motion is not made until after the jury disagrees. Taylor v. Creary, 171 N. Y. S. 2d 560 (1958).

In Isaacson v. United States, 3 R. Supp. 350 (1933), the defendant moved the Court for a directed verdict in its favor. This motion was overruled, and the case was submitted to the jury. After deliberating for some time, the jury reported its inability to reach an agreement. The judge thereupon directed it to return a verdict for the defendant. On appeal, after assuming that the verdict should have been given in the first instance, the Court said: "Common sense dictates that the labor and expense of a new trial should not have been undergone merely because an erroneous ruling was made, where the court, upon further consideration, can correct such ruling."

In Rockett v. Texas State Board of Medical Examiners, 287 S. W. 2d 190 (1956), the Court of Civil Appeals of Texas said: "The trial began to a jury and after the jury had failed to answer any of the special issues submitted, the jury was discharged and judgment peremptorily rendered cancelling the license of Dr.

Rockett to practice medicine, and Dr. F.W.B. Rockett has prosecuted this appeal.

. . . . . . .

"Appellant by his fifth point presents the complaint that the court erred in granting appellee's motion for peremptory judgment, because such motion did not properly disclose the grounds on which such action would be justified; and by his sixth point, that the court erred in granting such motion after the jury had failed to agree, because all essential issues were not undisputed."

The Court also said: "Nor is the fact that the motion was not made by appellee until after the jury had been discharged for failure to agree of any consequence."

We are of the opinion that the trial judge was authorized to sustain a motion and direct a verdict acquitting the defendant and having done so the order of the court protects the defendant from future prosecutions for the crime for which she was acquitted. Miss. Const. §22 (1890); Miss. Code Annot. § § 1153, 2443 (1942).

It is next contended by the State that the court erred in excluding the testimony of the record of conviction of Hilliary Thornhill and Willie McCain. It is alleged by the prosecution that the part played by the defendant Desolee Thornhill in the murder of the Sheriff, L. B. Polk, was the furnishing of $250 cash for delivery to Hilliary Thornhill as defendant's share of the cost of hiring the killer to commit the murder. It is argued that the State could not prove her guilt without making proof of the death of Sheriff Polk and the guilt of the coconspirators. It is, of course, necessary to prove the essential elements of crime as well as the connection of the defendant with murder, but it is also true that the record of conviction of another person is not competent evidence to show the guilt of a defendant. The fact alone that one person is guilty of murder is not

proof that another person is guilty. We are of the opinion that the court was not in error in refusing to permit the introduction of the record of conviction of Hilliary Thornhill and Willie McCain. See Pieper v. State, 242 Miss. 49, 134 So. 2d 157 (1961); Pickens v. State, 129 Miss. 191, 91 So. 906 (1922).

For the reasons above set out, we are of the opinion that the order of the circuit court acquitting the defendant should be, and is, affirmed.

Affirmed.

*Kyle, P. J., and Gillespie, Jones and Brady, JJ.,* concur.