BOWLING, Justice, for the Court:
Appellant was indicted, tried and convicted in the Circuit Court of Jackson County. He was sentenced to serve a term of three *501 years under the jurisdiction of the State Department of Corrections with the entire sentence being suspended.
Five assignments of error were advanced on appeal by the appellant. We shall discuss only one assignment as it disposes of the case: that is, the contention that the verdict was against the weight and sufficiency of the evidence.
At the time of the alleged offense, appellant was employed by the City of Pascagou-la, Mississippi, as superintendent of the gas department. The indictment charged that appellant and his co-indictee, Charles Bo-sarge, from May 6 to May 18, 1976, did unlawfully, wilfully, fraudulently and felo-niously send, assign and allow employees of the City of Pascagoula to work on private property for private citizens and did thereby permit city employees to receive salary from the city while performing private work. The indictment further charged that Nelson and Bosarge did unlawfully, wilfully, fraudulently and feloniously go to and enter upon the property of First Chemical Corporation and did supervise work of city employees under their command and control to perform work for private enterprises for their profit while allowing themselves and said city employees to be falsely and fraudulently paid by the said city, all with their unlawful, wilful, fraudulent and felonious intent to cheat, defraud, injure and embezzle from the City of Pascagoula, Mississippi.
In considering the assignment of error that disposes of the case, as hereinbefore set out, we necessarily have to discuss the evidence. This discussion shall be limited to the evidence pertaining to the charges in the indictment.
The first witness for the State was Glenn Roberds, a construction supervisor for First Chemical Corporation. He testified that his company entered into an agreement with W&M Corporation to perform certain pipe-laying work at the company’s plant. In regard to appellant being on the job, his only testimony was that he had seen appellant there, but did not know what day, what time, or whether or not it was on a weekend.
The next witness was Charles Ledbetter, another supervisor for First Chemical Corporation. He testified that on May 18, which was a Tuesday, he issued what he termed a “hot permit” for employees of W&M Corporation to tie in the newly laid pipe to the plant. He testified that he saw two city employees, Boike and Triplett, at the work site. He further testified that during the course of the work he saw both Bosarge and appellant at the work site but could not testify when they were there. The only fact that he was sure of was seeing appellant on one weekend. And finally, Ledbetter testified that he did not see appellant at the work site on Monday or Tuesday, the 17th and 18th, which were the two work days the State averred the work was primarily done.
The State offered witness Nancy Williams, an employee of First Chemical Corporation. She testified that on May 17 she saw co-indictee Bosarge near the work site in a city vehicle. She was not asked anything about appellant and did not mention his name.
Witness Jack T. May was employed by W&M Corporation and was the company representative who handled the work being done at First Chemical Corporation. He explained that he contacted Bosarge and appellant to see if they would perform the work of laying and connecting the water line. He admitted that appellant was reluctant to do the work but agreed to help after the other bidder withdrew. He testified that all checks for the work were made out to Bosarge as payee. He testified that he, Bosarge and Nelson met briefly at First Chemical prior to May 6th to agree on what was to be done. According to May, he did not remember and did not know whether or not appellant was on the work site at other times, during a day or on a weekend. May also testified the job was of such little magnitude that the plans were roughly drawn on the back of a match box. He stated that he did not expect appellant to do the work personally and did not know anything about securing the men who actu *502 ally performed the work. He admitted on cross-examination that the one time he remembered appellant definitely being on the job was for a short time around the middle of the day, which was before the work was started on May 6.
The next witness to testify was co-indict-ee, Charles Bosarge, whose indictment was later quashed. He explained about May and appellant contacting him regarding the laying of the water line at First Chemical, and about May giving them the plans drawn on a match box. He testified that all checks for the job were made out to him, but that Nelson was to share in the profits. Bosarge admitted that he went to the work site on Monday, May 17, to give instructions about tying in the new line with the old. The reason this was not done on the prior weekend was because of the excessive rain on Sunday and First Chemical’s insistence on doing the work the next day. He testified that appellant stated to him that he could not go to the work site on Monday, but that he, Bosarge, could. Continuing, he testified that city employees Boike and Triplett were doing the tie-in work on Monday and he thought they had come there in Triplett’s truck. However, he had no explanation as to who sent them that day except that he presumed appellant did so as they worked in his department. He testified on cross-examination that he saw appellant on two weekends at the place where the work was being done, but that the only time either of them were at the work site during a week day was when he, Bosarge, was there on the 17th.
Witness Hannah Burnham was employed as Deputy City Clerk. She introduced the city payroll records showing that certain employees of the city, including Boike and Triplett, were paid for regular and overtime work during the week work days between May 6 and May 18. The evidence also revealed that appellant was paid on a regular salary basis.
Witness Kenneth Griffin was employed by the city in the water department and worked for co-indictee Bosarge. He stated that he went to First Chemical on two days; the first day he did nothing, the other day he laid the eight-inch water line. With him were city employees Palestine Dial and Glenn Johnson, who also worked under co-indictee Bosarge. He stated that his being there was solely under the direction and supervision of Bosarge. Other city employees on that day at First Chemical were Boike and Triplett. He did not testify as to any knowledge of who had sent them to the job that day. He did not see appellant Nelson there at any time and stated he could not remember what day he was there. He did positively testify that appellant did not send him to do the work.
Witness William C. Boike testified that he was employed by the gas department under appellant; that he agreed to do the welding work, and so far as he knew it was only to be done on weekends and should not have taken over three weekends; that he did make the final tie-in of the pipes on a week day, a Monday, but that this was done because of the rain on Sunday and the necessity for completing the work. He also stated that appellant was not there at all on that Monday.
The presentation of the above witnesses concluded the evidence. Appellant then moved for a directed verdict mainly on the ground that the State did not prove the charges set out in the indictment. The motion was denied. Appellant then rested without offering any proof and resubmitted his motion, which again was overruled.
As we heretofore have discussed, the indictment charged Nelson and Bosarge with sending city employees to do work on private property during the hours that they were paid by the city, and further charged the co-indictees with entering upon private property and supervising work of city employees for their profit with the fraudulent intent to cheat, defraud, injure and embezzle from the city.
The overwhelming evidence was that except for Monday, May 17, and possibly Tuesday, May 18, the work of laying the pipe was performed on two or three weekends. Appellant, Bosarge and Boike did go to the Chemical Corporation’s premises dur *503 ing the middle of the day before May 6, the beginning date charged in the indictment, but undisputedly this was for a short time and the overwhelming import of the evidence was that it was during the noon hour that day. There is no substantial proof that appellant sent any city employees to do work at the Chemical Corporation when they were being paid by the city. No one stated that appellant sent them on May 17 or May 18. Boike admitted that he and Triplett went on the 17th because of bad weather on Sunday, May 16 — only at the insistence of the Chemical Corporation’s representatives to tie-in the pipe immediately. No witness testifying placed appellant on the Chemical Corporation’s premises for doing any work during the week days. The evidence did show that appellant received a salary for work, eight hours a day for five days each week. Also, no witness placed appellant on the Chemical Corporation’s premises except on a weekend.
Therefore, we conclude that the State failed to prove the charges alleged in the indictment and appellant’s motion for a directed verdict should have been granted. It follows that the verdict of the jury was against the weight and sufficiency of the evidence as contended by appellant. This Court has held in a number of cases that when the evidence is insufficient to sustain a conviction, a peremptory instruction or directed verdict should be granted the accused. State v. Thornhill, 251 Miss. 718, 171 So.2d 308 (1965); Jackson v. State, 185 So. 201 (Miss.1938); Jarman v. State, 178 Miss. 103, 172 So. 869 (1937); Davenport v. State, 144 Miss. 273, 109 So. 707 (1926).
Under the assignment of error involved here it is the duty of this Court to review the evidence and determine whether or not it was sufficient to warrant a conviction and whether or not the accused was entitled to a directed verdict in his favor. See Murphree v. State, 201 Miss. 34, 28 So.2d 238 (1946). Based on the foregoing evidence in the case at bar, this Court is of the opinion there was not sufficient evidence on which to convict the appellant. Therefore, the case is hereby reversed and the appellant discharged.
REVERSED AND APPELLANT DISCHARGED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.