738 So.2d 1253 (1999)
Leon BUGGS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 98-KA-00075-COA.
Court of Appeals of Mississippi.
April 20, 1999.
*1255 Walter E. Wood, Ridgeland, Attorney for Appellant.
Office of the Attorney General by W. Glenn Watts, Attorney for Appellee.
BEFORE KING, P.J., BRIDGES, AND LEE, JJ.
LEE, J., for the Court:
¶ 1. Leon Buggs was found guilty of possession of cocaine with the intent to deliver by a Madison County Circuit Court jury. Aggrieved of this judgment, Buggs raises the following issues as error: 1) whether the court erred in denying defendant's motion to hold the search invalid; 2) whether the court erred in failing to dismiss the case for a violation of the "270 day rule;" 3) whether the court erred in allowing the State to introduce cocaine and other drug paraphernalia into evidence with which the defendant was not charged; 4) whether the court erred in allowing the State to argue that the defendant was in possession of the cocaine because it was found in his home. Because the third and fourth issue are interrelated, we will combine the issues for clarity. Finding no error occurred, we affirm.

FACTS
¶ 2. On July 28, 1995, the Madison County Sheriffs Department served a search warrant on Buggs's home in Flora, Mississippi. At Buggs's residence, the officers discovered three matchboxes containing crack cocaine and drug paraphernalia. There were three other individuals at the house when the warrant was executed. Buggs was indicted for possession of cocaine with intent to distribute. At the end of Buggs's trial on September 24, 1997, the jury convicted him of possession of cocaine. Buggs was sentenced to serve three years. Subsequent to his imprisonment, Buggs has been released from incarceration on earned probation.

ANALYSIS

I. WHETHER THE COURT ERRED IN FAILING TO GRANT DEFENDANT'S MOTION TO HOLD THE SEARCH INVALID AND TO SUPPRESS THE EVIDENCE GATHERED PURSUANT TO THE SEARCH WARRANT.
¶ 3. In his first assignment of error, Buggs argues that the search warrant served on his home was invalid due to summary conclusions stated in the underlying facts and circumstances without sufficient facts to support a finding of probable cause. He states that his motion to suppress should have been granted by the trial court.
¶ 4. The determination of whether probable cause supports the issuance of a search warrant requires that we consider the "totality of the circumstances." Illinois v. Gates, 462 U.S. 213, 237, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). We adopted the "totality of the circumstance" approach in Lee v. State, 435 So.2d 674, 676 (Miss. 1983).
The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular *1256 place. And the duty of a reviewing court is to simply ensure that the magistrate had a "substantial basis for ... conclud[ing] that probable cause existed...."
Id. (citation omitted). "Objectivity is the key, for the information supporting probable cause must be such that would lead a reasonably competent issuing magistrate to believe that evidence will be found." Williams v. State, 583 So.2d 620, 622 (Miss.1991) (citation omitted).
¶ 5. "In reviewing the magistrate's finding, we do not determine de novo whether probable cause existed." Smith v. State, 504 So.2d 1194, 1196 (Miss.1987) (citations omitted). "Rather, our task as a reviewing court is to insure that there was a substantial basis for the magistrate's determination of probable cause." Id. (citations omitted).
¶ 6. Judge Goza held a hearing on Buggs's motion to suppress. The record in this case indicates that Deputy Sheriff Hubert Roberts received information from a "reliable source that has prove[n] to be reliable in the past" stating that within the "last forty-eight hours numerous drug transactions are occurring at 106 Woodville Drive, Flora, Madison County, Mississippi." After hearing all the evidence, Judge Goza found that the underlying facts and circumstances found in the affidavit were sufficient for the basis of probable cause. Based upon these facts, this Court finds that Judge Goza had a substantial basis for concluding that probable cause existed for the issuance of a search warrant.

II. WHETHER THE COURT ERRED IN FAILING TO DISMISS THE CASE FOR VIOLATION OF THE "270 DAY RULE".
¶ 7. Buggs waived arraignment and entered a plea of not guilty on September 15, 1995. He first went to trial on October 3, 1996, which ended in a mistrial after the defense attorney announced that he was ill and unable to proceed. Buggs was retried on September 24, 1997.
¶ 8. Our speedy trial statute states "[u]nless good cause is shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned." Miss. Code Ann. § 99-17-1 (Rev.1994). "The statutory 270 day rule is satisfied once the defendant is brought to trial, even if that trial results in a mistrial." Handley v. State, 574 So.2d 671, 674 (Miss.1990) (citing Kinzey v. State, 498 So.2d 814, 816 (Miss.1986); State v. Thornhill, 251 Miss. 718, 723, 171 So.2d 308, 310 (1965)). "Thereafter, the time of retrial is within the discretion of the trial court." Handley, 574 So.2d at 674 (citing Kinzey, 498 So.2d at 816; Thornhill, 251 Miss. at 723, 171 So.2d at 310). "This Court utilizes the Barker factors in determining whether the discretionary length of time between trials violated the defendant's constitutional right to a speedy trial." Handley, 574 So.2d at 674 (citing Kinzey, 498 So.2d at 816).
¶ 9. Therefore, in this case we are concerned with the calculation of two time periods, the time between arraignment and first trial for statutory purposes, and the time between mistrial and retrial for constitutional purposes.
¶ 10. Buggs's arraignment was September 15, 1995, and he was tried the first time on October 3, 1996. This was 382 days. There was a defense continuance from March 4, 1996, until July 29, 1996, 91 days. This leaves 291 days attributed to the State.
¶ 11. During the hearing, the State announced that some of the delay was attributed to crowded dockets. "[T]he first trial setting was February 20, 1996.... [F]rom February 20, 1996 until September 30, 1996, which is Monday of this week, that time is taken up by either a Court continuance due to a crowded docket or by a defense continuance...." The trial court asked the State if each continuance due to crowded docket was supported by *1257 an order, the State responded that they were.
¶ 12. Crowded dockets are considered "good cause" under Miss.Code Ann. § 99-17-1; however, a crowded docket will not automatically suffice to establish good cause. McGee v. State, 608 So.2d 1129, 1132 (Miss.1992). "[U]pon the proper showing by the State in response to a defendant's timely motion for dismissal because of an alleged 270 day violation, docket congestion can be a proper basis for good cause when supported by the facts of the particular case." Walton v. State, 678 So.2d 645, 648 (Miss.1996).
¶ 13. Taking into consideration the good cause delays due to crowded dockets supported by court order and the continuance granted the defense, we find that no violation of the 270 day rule occurred in this instance.
¶ 14. The constitutional right to a speedy trial, which exists separately from the statutory right, "attaches at the time of the accused's arrest...." Ross v. State, 605 So.2d 17, 21 (Miss.1992) (citation omitted). Once this right has attached this Court will follow the test laid out by the Supreme Court in Barker v. Wingo, 407 U.S. 514, 515, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The Barker test consists of four factors: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether the defendant has been prejudiced by the delay. Id. at 533, 92 S.Ct. 2182.
¶ 15. The time between Buggs's mistrial and trial was 353 days. "[A]ny delay of eight (8) months or longer is presumptively prejudicial." Smith v. State, 550 So.2d 406, 408 (Miss.1989) (citation omitted). This factor standing alone is insufficient for reversal, but requires a close examination of the remaining factors. Handley, 574 So.2d at 676.
¶ 16. "The [S]tate bears the risk of non-persuasion regarding the reasons for delay and must show whether that the defendant caused the delay or that good cause existed for the delay." Fleming v. State, 604 So.2d 280, 299 (Miss.1992) (citations omitted). A Madison County printout shows the activities regarding Buggs's case. This shows that Buggs's case was set for trial four separate times. The record also indicates that Buggs's case was not tried and orders were entered each time for continuances by the court. This delay was in no way a deliberate attempt to harm the defense and, therefore, weighs less heavily against the State. State v. Magnusen, 646 So.2d 1275, 1281 (Miss. 1994).
¶ 17. Buggs filed a motion to dismiss with prejudice on October 3, 1996. This was the date of his first trial which ended in a mistrial. "[A] demand for dismissal coupled with a demand for an instant trial [i]s insufficient to weigh this factor in favor of the defendant, where the motion came after the bulk of the entire period of delay had elapsed." Perry v. State, 637 So.2d 871, 875 (Miss.1994) (citing Adams v. State, 583 So.2d 165, 169 (Miss.1991)). Under the circumstances of this case, Buggs's assertion of his speedy trial right affords him little because of the manner and the time in which it was raised.
¶ 18. There is no statement of prejudice to Buggs included in his motion to dismiss, nor is there any indication in the record of prejudice. "Without a showing of prejudice [Buggs] cannot make out a claim of a due process violation." Simmons v. State, 678 So.2d 683, 687 (Miss. 1996) (citation omitted). "[W]e will not infer prejudice to the defense out of the `clear blue.'" Id. (quoting State v. Magnusen, 646 So.2d 1275, 1285 (Miss.1994)). This factor weighs heavily against Buggs and in favor of the State. Under the totality of the Barker factors, weighed and considered together, we hold that the balance is struck in favor of the State.
III. WHETHER THE COURT ERRED IN ALLOWING THE STATE, OVER DEFENDANT'S OBJECTION, TO INTRODUCE COCAINE AND *1258 DRUG PARAPHERNALIA INTO EVIDENCE WITH THE POSSESSION OF WHICH DEFENDANT WAS NOT CHARGED.
IV. WHETHER THE COURT ERRED IN ALLOWING THE STATE, OVER DEFENDANT'S OBJECTION, TO ARGUE TO THE JURY THAT THE DEFENDANT WAS IN POSSESSION OF THE COCAINE BECAUSE IT WAS FOUND IN DEFENDANT'S HOUSE.
¶ 19. During Buggs's trial, the State was allowed to introduce two crack pipes, a beer can that was allegedly used to smoke crack cocaine, three matchboxes containing crack cocaine, spoons, and a Brillo pad. At the pre-trial hearing on Buggs's motion to suppress the drug paraphernalia, the trial judge found that the items were in reasonable proximity to Buggs and the paraphernalia indicated the intent to use and possess cocaine. We agree.
¶ 20. During opening argument by the defense, defense counsel stated that when the police entered there were three other individuals in the house and the police arrested everyone. Defense counsel stated that the police found cocaine in the house, but not near any particular individual. The State was only prosecuting Buggs, despite the fact that cocaine was found in three separate places and there were other individuals arrested at that time.
¶ 21. During the State's case-in-chief, the prosecution elicited testimony that when the police arrived there were several individuals inside. All were sitting in the living room. After the officers searched, they found drugs and drug paraphernalia throughout the home.
¶ 22. "A presumption of constructive possession arises against the owner of premises upon which contraband is found." Cunningham v. State, 583 So.2d 960, 962 (Miss.1991) (citing Hamburg v. State, 248 So.2d 430, 432 (Miss. 1971); Pool v. State, 483 So.2d 331, 336-37 (Miss.1986)). "The correct rule in this jurisdiction is that one in possession of premises upon which contraband is found is presumed to be in constructive possession of the articles, but the presumption is rebuttable." Powell v. State, 355 So.2d 1378, 1379 (Miss.1978). "We have held that where contraband is found upon premises not in the exclusive control and possession of the accused, additional incriminating facts must connect the accused with the contraband." Id. (emphasis added). "[W]hen contraband is found on premises, there must be evidence, in addition to physical proximity, showing the defendant consciously exercised control over the contraband, and, absent this evidence, a finding of constructive possession cannot be sustained." Id. Since the presumption of constructive possession is rebuttable, the State is not relieved of its burden to prove guilt beyond a reasonable doubt. Hamburg v. State, 248 So.2d 430, 432 (Miss. 1971). "Where the premises upon which contraband is found is not in the exclusive possession of the accused, the accused is entitled to acquittal, absent some competent evidence connecting him with the contraband." Jones v. State, 693 So.2d 375, 376 (Miss.1997) (citation omitted).
¶ 23. In the case sub judice, Buggs was the owner of the home and, thus, is presumed to be in constructive possession. Buggs presented evidence to overcome this presumption, mentioning the fact that there were three other occupants of the home with him. It was the prosecution's duty to prove Buggs's guilt of possession, and rebut Buggs's argument that he was not in possession of the drugs. That is exactly why the State was allowed to offer the evidence of the crack cocaine found in a box in the kitchen closet, a matchbox containing over thirty pieces of crack cocaine at his feet, a crack pipe in Buggs's possession, and other paraphernalia. The paraphernalia was evidence for the jury to determine whether Buggs had possession and control over the crack cocaine. Under all the facts, there was enough evidence to show that Buggs had control over some of the crack cocaine, it was not just brought *1259 in with the other individuals who were present during the search. We find no merit to these arguments.
¶ 24. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT OF POSSESSION OF COCAINE AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND APPELLANT'S RIGHT TO OPERATE A MOTOR VEHICLE OVER HIGHWAYS OF THIS STATE FORFEITED FOR SIX MONTHS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, PAYNE, AND THOMAS, JJ., CONCUR.
IRVING, J., CONCURS IN RESULT ONLY.