Commonwealth *v.* Ambrose, Appellant.

394

Submitted March 19, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Earle Lees* and *Jonathan Miller,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Maxine J. Stotland, James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., November 16, 1973:

This is an appeal from a conviction of violation of the Uniform Firearms Act, Act of June 24, 1939, P. L. 872, §628, as amended, 18 P.S. §4268. Appellant contends that his conviction should be set aside because the

Commonwealth failed to prove the length of the barrel of the weapon involved.

Appellant was charged with having violated Section (e.2) of the Uniform Firearms Act, added July 30, 1968, P. L. 690, §1, 18 P.S. §4628(e.2) (Supp. 1972), which provides:

"No person shall carry a firearm, rifle, or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:

"(1) such person is licensed to carry a firearm; or

"(2) such person is exempt from licensing . . . ."

Section (a) of the Uniform Firearms Act, *supra*, 18 P.S. §4628(a), defines "firearm" as meaning "any pistol or revolver with a barrel less than twelve inches, any shotgun with a barrel less than twenty-four inches, or any rifle with a barrel of less than fifteen inches."

Appellant is correct in his contention that the restrictions imposed by Sections (a) and (e.2) of the Uniform Firearms Act do not extend to a pistol with a barrel more than twelve inches long. *Cf. Commonwealth v. Pope*, 225 Pa. Superior Ct. 252, 311 A. 2d 147 (1973) (JACOBS, J., in support of affirmance). It may be granted that no reason appears why such a pistol should be exempt from the Act. That fact, however, is not enough to enable a court to add a restriction to a statutory provision otherwise clear. If, as the Commonwealth contends, the legislature intended to restrict all unlicensed weapons, the legislature will have to amend the Act.

It does not follow, however, that appellant is entitled to have his conviction set aside. The evidence was that appellant and another robbed a man at gunpoint, and were apprehended as they were walking away. The victim identified appellant as the gunman, and described the gun as "a short barrel pistol, and I thought it was a .38." A gun found nearby by a police officer was shown to the victim, who testified that it

"[l]ooks like the pistol that night." The gun was admitted into evidence without objection; there was no demurrer; and apparently there was no argument on post-trial motions to the court below that the Commonwealth had failed to prove its case because it had not proved the length of the gun's barrel.

In these circumstances we shall not set aside appellant's conviction. The victim's description of the gun as having "a short barrel" at least suggests that the barrel was not more than twelve inches long. Apart from this consideration, however, the argument that appellant makes to us for the first time should have been made at trial, when the barrel could have been measured and the measurement stated of record.

Appellant was also convicted of aggravated robbery. While not appealing from this conviction, he has argued that his sentence for aggravated robbery should be set aside because imposed at the same time as the sentence for violation of the Uniform Firearms Act. Since there was no error incident to the conviction for violation of the Uniform Firearms Act, this argument is without merit.

The judgment of sentence is affirmed.