384 A.2d 961

**COMMONWEALTH of Pennsylvania**

v.

**Gary RAPP, Appellant.**

Superior Court of Pennsylvania.

Argued April 13, 1977.

Decided April 13, 1978.

32

Patrick J. Rega, Charleroi, Wm. Jon McCormick, Bentleyville, for appellant.

Samuel L. Rodgers, First Assistant District Attorney, Washington, Jess D. Costa, District Attorney, Bentleyville, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE and SPAETH, JJ.

CERCONE, Judge:

This appeal arises from a conviction of violation of Section 6105 of the Pennsylvania Uniform Firearms Act[1] which prohibits a person convicted of a violent crime from possessing a firearm. Appellant contends his conviction cannot stand in view of the Commonwealth's failure to prove the

1. Act of December 6, 1972, P.L. 1482, No. 334, § 1 et seq., 18 Pa.C.S. § 6105.

length of the barrel of the subject weapon. We agree and reverse.[2]

 It is readily apparent that the Commonwealth failed to prove its case. Although Section 6105, supra, provides:

"No person who has been convicted in this Commonwealth or elsewhere of a crime of violence shall own a firearm, or have one in his possession or under his control,"

Section 6102 of the Uniform Firearms Act, supra, restrictively defines what constitutes a "firearm." Section 6102 provides:

"Subject to additional definitions contained in subsequent provisions of this subchapter which are applicable to specific provisions of this subchapter, the following words and phrases, when used in this subchapter shall have, unless the context clearly indicates otherwise, the meanings given to them in this section:

" 'Firearm.' Any pistol or revolver with a barrel less than 12 inches, any shotgun with a barrel less than 24 inches, or any rifle with a barrel less than 15 inches."

Accordingly, weapons with barrels in excess of the statutorily proscribed limits do not constitute "firearms" within the meaning of Section 6105.

 Instantly, the weapon in question is a shotgun. The shotgun, however, was never produced or entered into evidence by the Commonwealth. Nor was its length ever described. The Commonwealth merely described the shotgun as a "twelve gauge, Ithaca pump Model 37, containing three shells." As previously indicated, for a shotgun to qualify as a "firearm" (for the purposes of Section 6105) it must have a barrel length measuring less than 24 inches. 18 Pa.C.S. § 6102, supra. In other words, the length of the weapon's barrel—here a shotgun—represents an indispensable element of the charged offense without proof of which a conviction may not be sustained. *Commonwealth v. Ambrose,* 225 Pa.Super. 393, 312 A.2d 440 (1973). See also *Commonwealth v. Pope,* 455 Pa. 384, 317 A.2d 887 (1974).

2. Because of this disposition we need not address appellant's alternative contention.

■ In the case at bar, the Commonwealth's case was fatally deficient because there was no evidence regarding the length of the shotgun's barrel and, therefore, there was no proof that the shotgun constituted a prohibited "firearm" within the ambit of Section 6105.[3]

Accordingly, the judgment of sentence is reversed and appellant discharged.

WATKINS, former President Judge, and VAN der VOORT, J., did not participate in the consideration or decision of this case.

3. The Commonwealth also argues that this issue has not been preserved for appellate review solely because appellant's *brief* in support of his post-trial motions ignored the specific problem of proving the length of the shotgun's barrel. However, in *Commonwealth v. Keysock,* 236 Pa.Super. 474, 345 A.2d 767 (1975) we analyzed and rejected this very argument, and we find no reason to alter our conclusion in the instant case. See *Commonwealth v. Roman,* 465 Pa. 515, 351 A.2d 214 (1976).