PRATHER, Justice,
for the Court:
I. INTRODUCTION
In this appeal, Jerry Lynn Carlson challenges his convictions of recidivism and *658 carrying a concealed weapon after conviction of a felony.
Carlson had been indicted for armed robbery and for carrying a concealed weapon after conviction of a felony. At a trial in the Harrison County Circuit Court, a jury acquitted Carlson of the armed-robbery charge but convicted him of the concealed-weapon charge. The trial judge sentenced Carlson as an habitual offender to five years’ imprisonment without possibility of parole.
This Court reverses and renders because a review of the record reveals a lack of evidentiary support for the jury’s verdict.

A. The Facts

In October 1986 in a rural area of Harrison County, Jerry Carlson drove into the parking lot of Mary’s Bar and Grocery to ask for directions. This simple task turned violent when a group of patrons standing outside Mary's provoked a verbal and physical altercation. According to Carlson, as he and one of the patrons scuffled, another patron hit him in the head with a can of beer.
After disengaging himself from this altercation, Carlson went inside Mary’s where he was told by a barmaid that someone had cut the tires on his car and that the patrons outside “will kill you.” Carlson telephoned his mother for assistance — at which time he became engaged in a second altercation with another patron known as Herman Clark. Police arrested both Carlson and Clark for disorderly conduct.
Upon being released, Carlson paid $270.00 to the owner of the vehicle which he had borrowed on the day of the altercations and whose tires had been slashed while parked at Mary’s. Carlson later went back to Mary’s for the purpose of getting $270.00 which he felt somebody owed him for the destroyed tires. He walked into Mary’s with a partially concealed, 20-guage, sawed-off shotgun— which he took with him for protection. Bernel Pavolini, who owns and operates Mary’s, noticed the gun and asked Carlson to leave the premises because no guns were permitted inside his establishment. Carlson requested the identity and whereabouts of the person who had slashed his tires, but Pavolini declined to give Carlson this information. Carlson then demanded payment from Pavolini, who handed him approximately $138.00 and offered to write him a check for the rest of the money. Carlson, however, insisted on a cash payment, so he waited for Pavolini’s wife to bring him the balance of the money “owed.” Carlson waited approximately IV2 hours — after which time a patron overpowered and disarmed him. Carlson left Mary’s but police apprehended him a short time later.
At trial, Carlson admitted he left Mary’s with the $138.00 given him by Pavolini. Carlson contended that this did not constitute an armed robbery; rather, Pavolini owed him that money. The jury accepted Carlson’s contention; it acquitted him of the armed-robbery charge but convicted him of the concealed-weapon charge. The trial judge sentenced him as an habitual offender to five years’ imprisonment.

B. The Issues

Carlson appealed and presented three issues for disposition. Only one issue, however, is reached: Whether the concealed-weapon conviction is supported by a sufficiency of the evidence?
II. ANALYSIS
The jury convicted Carlson of concealing a deadly weapon in violation of Miss.Code Ann. § 97 — 37—l(l)(d) (1972), which provides in pertinent part:
(1) Except as otherwise provided in Section 45-9-101, any person who carries, concealed in whole or in part, ... barrel of less than eighteen (18) inches in length, ... shall upon conviction be punished as follows:
(d) By imprisonment in the State Penitentiary for not less than one (1) year nor more than five years for any person previously convicted of any felony who is convicted under this section.
Carlson contends that the State failed to prove all statutory elements of the crime with which he was charged and convicted. *659 Carlson explains that the record contains insufficient evidence to prove that the shotgun he carried into Mary’s had a barrel length of less than 18 inches. The State counters that Carlson waived his right to raise this issue since he failed to raise it at the trial level. The record reveals no support for the State’s contention. Carlson twice moved for a directed verdict on the ground the State had failed to prove its case. See State v. Thornhill, 251 Miss. 718, 171 So.2d 308, 310 (1965); Nelson v. State, 361 So.2d 500, 503 (Miss.1978).
Clearly, a gun with a barrel length in excess of 18 inches does not fall within the ambit of § 97-37-1. Thus, an indispensable, statutory element which the State was required to prove beyond a reasonable doubt was the length of the barrel. The record reveals that the State presented no evidence pertaining to the actual length of the barrel of Carlson’s shotgun.[1] The State merely argued that the weapon partially concealed by Carlson was a sawed-off, single shot, 20-gauge, Essex shotgun with a “little barrel part.” Although the shotgun itself was admitted into evidence without objection, the State presented no testimony or other evidence to prove the actual barrel length. This deficiency is fatal to the State’s case. See Neal v. State, 451 So.2d 743, 757 (Miss.1984) (“It is horn-book criminal law that before a conviction may stand the State must prove each element of the offense.”); Jackson v. Virginia, 443 U.S. 307, 324, 99 S.Ct. 2781, 2791, 61 L.Ed.2d 560, 576-577 (1979) (Due process requires that the State prove each element of the offense beyond a reasonable doubt).
In sum, the State failed to prove that the barrel of the shotgun partially concealed by Carlson was less than 18 inches in length. The trial judge should have directed a verdict for the defendant. See Commonwealth v. Rapp, 253 Pa.Super. 31, 384 A.2d 961 (1978) (In this factually similar case, the court reversed a conviction after holding: “[T]he Commonwealth’s case was fatally deficient because there was no evidence regarding the length of the shotgun’s barrel and, therefore, there was no proof that the shotgun constituted a prohibited “firearm” within the ambit of [statutory law].”)
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.

. The judge did not even instruct the jury that it was required to find the barrel was less than 18 inches in length before a conviction would be warranted.