J-S42021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CURTIS BUSH, | : | |
| | : | |
| Appellant | : | No. 3393 EDA 2018 |

Appeal from the Judgment of Sentence Entered, October 6, 2016,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0013467-2013.

BEFORE: OTT, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED OCTOBER 18, 2019**

Curtis Bush appeals from the judgment of sentence imposed following his conviction of aggravated assault and various weapons-related charges.[1] We affirm.

The trial court summarized the evidence presented at trial as follows:

> The complainant, Mr. Lamont Paschall, testified that . . . as he was traveling [by bicycle] on Poplar Street, in Philadelphia, he noticed a group of males on the corner as he made a left turn onto Leland Street. As he approached the middle of the block[,] he heard a gun "cock" behind him and heard shots. On reaching the end of the block and just about to turn, he was hit in the back by a bullet and fell to his right coming to rest on a set of steps on the corner of Ginnodo Street. As he was attempting to get up, [Bush] stood "over top" of him, shooting him multiple times. He described [Bush's] gun as "black and square." [Bush] then ran back down Leland [Street] in the direction from which he had come.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. §§ 2702(a), 6106, 6108, 907(a).

Mr. Paschall testified that he knew [Bush] from the neighborhood and had, in fact, seen him earlier that day. He also testified that [Bush's] face was uncovered and he "looked of shock, that's why his mouth was wide open, that's when he started shooting again."

Philadelphia Police Officer Lamont Fox testified that he is a member of the Philadelphia Police Crime Scene Unit and that on August 12, 2013, he was assigned to investigate Mr. Paschall's shooting at Leland and Ginnodo Streets. As part of his investigation, he recovered several bullet fragments and ten "Federal 40 S&W" fired casings.

Philadelphia Police Officer Norman DeFields, qualified as an expert in the field of firearms identification and ballistics, testified that he was assigned to conduct an examination of ballistics evidence recovered by Officer Fox. As a result of his examination of the shell casings, he concluded that they were all fired from the same gun which he testified had the markings of a Glock type firing pin and were fired from a semi-automatic pistol. He illustrated his testimony by displaying to the jury a model of a Glock semi–automatic pistol that was consistent with his findings.

Trial Court Opinion, 12/12/17, at 5-6.

Bush was arrested and charged with numerous offenses, including attempted murder, aggravated assault, firearms not to be carried without a license, carrying firearms on public streets in Philadelphia, and possession of an instrument of a crime ("PIC"). His first trial ended in a mistrial in 2015. At the conclusion of his second trial in 2016, the jury was unable to reach a verdict on the charge of attempted murder. Bush accepted the jury's partial verdict finding him guilty on the charges of aggravated assault, firearms not to be carried without a license, carrying firearms in Philadelphia, and PIC. On October 6, 2016, Bush was sentenced to an aggregate prison term of fifteen

to thirty years. Bush filed timely post-trial motions, which were denied by operation of law.[2] Bush thereafter filed a timely notice of appeal, and both Bush and the trial court complied with Pa.R.A.P. 1925.

Bush raises the following issue for our review: "Is [Bush] entitled to an arrest of judgment since the evidence is insufficient to sustain the verdicts of guilt on the firearms charges as the Commonwealth failed to sustain its burden of proving guilt beyond a reasonable doubt and because the evidence was against the weight of the evidence." Bush's Brief at 6 (unnecessary capitalization omitted).[3]

Bush contends that the Commonwealth failed to present sufficient evidence to support his convictions of firearms not to be carried without a license and carrying firearms in Philadelphia.[4] Our standard of review of a sufficiency claim is as follows:

---

[2] Pursuant to Pa.R.Crim.P. 720(B)(3)(a), (b) a post-trial motion is deemed denied "by operation of law" when the deciding court fails to render a judgment before the applicable 120-day disposition period expires.

[3] Although Bush's issue, as presented, purports to challenge both the sufficiency and weight of the evidence, he discusses only the sufficiency of the evidence in his appellate brief. Aside from stating the applicable standard of review, Bush fails to explain how his convictions are against the weight of the evidence. We therefore deem his challenge to the weight of the evidence waived. *See Commonwealth v. Heggins*, 809 A.2d 908, 912 n.2 (Pa. Super. 2002) (holding that an issue identified on appeal but not developed in appellant's brief is abandoned and therefore waived).

[4] Bush does not challenge the sufficiency of the evidence supporting his convictions for aggravated assault and PIC.

> [W]e evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. [T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Franklin*, 69 A.3d 719, 722 (Pa. Super. 2013) (citations and quotation marks omitted). The finder of fact is free to believe all, part, or none of the evidence presented, and determines the credibility of the witnesses. *Commonwealth v. Boyd*, 73 A.3d 1269, 1274 (Pa. Super. 2013) (*en banc*).

Additionally, the crime of firearms not to be carried without a license is set forth in 18 Pa.S.C.A. § 6106(a)(1), which provides: "any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree." The crime of carrying firearms in Philadelphia is set forth in 18 Pa.S.C.A. 6108, which provides: "No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless: (1) such person is licensed to carry a firearm..."

A "firearm" is defined in pertinent part, as: "Any pistol or revolver with a barrel length less than 15 inches." *See* 18 Pa.S.C.A. 6102.

Bush argues that the Commonwealth failed to prove two elements that were required to establish both firearms not to be carried without a license and carrying firearms in Philadelphia; namely (1) that the firearm was concealed on or about Bush's person; and (2) that the firearm was a pistol with a barrel-length of less than 15 inches.[5]  Bush first contends that the record is devoid of any testimony regarding his concealment of the firearm. He points out that Mr. Paschall was never asked if the gun was on display, or if he saw a gun as he rode by.  Bush also argues that, because he was standing with a group of individuals, the weapon could have been concealed by another individual and then handed to him.  Accordingly, he claims that his concealment of the gun is an assumption not supported by the record.

Initially, we observe that concealment is not an element of carrying a firearm in Philadelphia.  *See Commonwealth v. Bavusa*, 832 A.2d 1042, 1045 (Pa. 2003) (observing that 18 Pa.C.S.A. § 6108 lacks a concealment element).  Thus, the Commonwealth was not required to prove concealment to establish that crime.  However, concealment is an element of firearms not

---

[5] With respect to both firearms not to be carried without a license and carrying firearms in Philadelphia, Bush stipulated that he was not licensed to carry a firearm, and that he was on a public street in Philadelphia.

to be carried without a license.  *See* 18 Pa.C.S.A. § 6106.  Thus, we will review the sufficiency of the concealment evidence supporting that conviction.

Here, the record reflects that Mr. Paschall described riding his bike past Bush and a group of men on the corner of 19th and Poplar Street.  *See* N.T. 5/18/16, at 134.  He did not testify that a gun was in view at the time.  *Id*. Instead, he testified that heard a gun cock after he had passed the group of men.  *Id*. at 164-66.  He further testified that, a second later, he heard the first shot when he was in the middle of the block.  *Id*. at 166.  Then, as Mr. Paschall was turning the corner, he was shot and fell to the ground.  *Id*. at 134-35.  He watched Bush follow him, continuing to fire.  *Id*. at 136-37.

Viewing this evidence in the light most favorable to the Commonwealth, as we must, we conclude that it provided a sufficient evidence from which the jury could infer that the weapon was concealed, and that Bush was the person concealing it.  Presumably, if Mr. Paschall had seen the firearm while he was passing Bush and the group of men, he would have testified to this fact. Instead, his testimony suggests that he did not become aware of a weapon until he heard the click of a weapon after he had passed the group.  From these facts, the jury could reasonably infer that the weapon was concealed. Further, from the short time in which the shooting incident occurred, the jury could reasonably infer that there was insufficient time for the gun to be handed to Bush by another individual, such that Bush must have been the person in possession of the concealed weapon.  Thus, Bush's challenge to the sufficiency

of the evidence supporting his conviction of firearms to be carried without a license fails.

Bush next asserts that the record is devoid of any testimony regarding the barrel length of any weapon he may have used. He claims that Mr. Paschall was never asked to describe the gun's length, and that Officer DeFields did not discuss the length of the exemplar gun, or the barrel length of the firearm that Bush used. Accordingly, Bush contends that the Commonwealth failed to establish this element of both firearms not to be carried without a license and carrying firearms in Philadelphia.

Here, the record reflects that Mr. Paschall testified that when Bush attempted to shoot him in the head, after firing ten rounds, the gun produced only an audible click but did not fire. N.T. Trial, 5/18/16, at 142. While the weapon used to shoot Mr. Paschall was never recovered, the firearms expert who examined the ballistics evidence, Officer DeFields, testified that the spent shell casings were consistent with a Glock-type semiautomatic pistol. N.T. Trial, 5/19/16, at 91-95. Officer DeFields then testified that most semiautomatic handguns have a feature where the slide locks back after the ammunition is emptied out, and do not produce a clicking sound when the operator attempts to fire with an empty magazine. *Id*. at 98. Importantly, the officer explained that smaller pistols generally do not have enough space for the slide mechanism, and therefore produce an audible click when they fail to fire. *Id*. Officer DeFields showed the jury a model Glock-17 semiautomatic

pistol with a slide lock that was consistent with his analysis of the shell casings and bullet jackets. *Id*. at 91-95.

Viewing this evidence in the light most favorable to the Commonwealth, as we must, we conclude that, based on Officer Fields's testimony and demonstration, it was reasonable for the jury to infer that the gun Bush used to shoot Mr. Paschall did not have a slide lock, since it produced an audible click when it ran out of ammunition. Because the jury was able to view the barrel length of the exemplar firearm, and to infer from Officer DeFields's expert testimony that the firearm used by Bush was smaller than the exemplar, we conclude that the jury had sufficient evidence to find that the barrel length of the firearm used by Bush was less than fifteen inches. *See Commonwealth v. Jennings*, 427 A.2d 231, 235 (Pa. Super. 1981) (holding that, although no testimony was proffered by the Commonwealth as to the dimensions of the weapon, the jury was competent of determining the length of the weapon by the examination of same); *cf. Commonwealth v. Todd*, 384 A.2d 1215 (Pa. 1978) (holding that barrel length was not proven where no witness saw the weapon, it was never recovered, and the only evidence produced by the Commonwealth on the issue of barrel length was through its criminalist, who testified on direct examination that "[t]he weapon was a .38 caliber weapon and probably a Smith and Wesson"); *and Commonwealth v. Rapp*, 384 A.2d 961 (Pa. Super. 1978) (holding that the Commonwealth failed to establish barrel length when the weapon was never introduced into

evidence and its length was never mentioned).  Thus, Bush's challenge to the sufficiency of the evidence supporting the barrel length of the firearm fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/19