J-A22011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| KIYON GRANT, | : : | |
| Appellant | : | No. 1258 EDA 2018 |

Appeal from the Judgment of Sentence April 24, 2015
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  CP-51-CR-0012836,
CP-51-CR-0012837-2012

BEFORE:  MURRAY, J., STRASSBURGER, J.* and PELLEGRINI, J.*

DISSENTING MEMORANDUM BY STRASSBURGER, J.:

**FILED OCTOBER 25, 2019**

Because the evidence is insufficient to sustain Appellant's convictions on these firearms charges, I respectfully dissent and offer the following analysis.

In order to sustain Appellant's convictions under the sections of the Uniforms Firearms Act for which Appellant was charged,[1] the Commonwealth

_____

[1] Appellant was charged with violating 18 Pa.C.S. §§ 6106 (carrying a firearm without a license), 6108 (carrying a firearm on a public street in Philadelphia), and 6110.1(a) (carrying a firearm as a minor).  Unlike section 6105 (persons not to possess a firearm), which provides its own definition of a firearm, *see* 18 Pa.C.S. § 6105(i), and does not require proof the barrel length of the firearm, the three sections under which Appellant was convicted require proof of the following beyond a reasonable doubt:

* Retired Senior Judge assigned to the Superior Court.

was required to establish the barrel length of the firearm used in the shootings.[2] ***See Commonwealth v. Todd***, 384 A.2d 1215 (Pa. 1978) (holding that barrel length under section 6102 was not established even where a ballistics expert opined that based upon examination of a recovered bullet, the weapon used was probably a .38 caliber revolver); ***Commonwealth v. Rapp***, 384 A.2d 961 (Pa. Super. 1978) (holding evidence insufficient to sustain convictions pursuant to sections 6106 and 6108 where the gun was not introduced into evidence and witnesses did not describe the barrel length).

---

Any pistol or revolver with a barrel length less than 15 inches, any shotgun with a barrel length less than 18 inches or any rifle with a barrel length less than 16 inches, or any pistol, revolver, rifle or shotgun with an overall length of less than 26 inches. The barrel length of a firearm shall be determined by measuring from the muzzle of the barrel to the face of the closed action, bolt or cylinder, whichever is applicable

18 Pa.C.S. § 6102.

[2] The elements of crimes under the Uniform Firearms Act should not be confused with those for possession of an instrument of crime, which merely require one to possess a firearm, not a specific type of firearm***. See Commonwealth v. Woodbury***, 477 A.2d 890, 893 (Pa. Super. 1984) (holding evidence was sufficient to sustain conviction for possessing an instrument of crime where the factfinder concluded that Woodbury was the slayer and the death resulted from a gunshot wound, "the factfinder could logically have concluded from all of the evidence that appellant had possession of a gun, that the gun was an instrument commonly used for criminal purposes, and that his possession of the gun was, under the circumstances, not manifestly appropriate for any lawful use that the gun may have had").

In this case, the Commonwealth did produce one of the firearms used in the shooting of the Victims,[3] specifically a black, Hi-Point model C, semiautomatic handgun with a 9-milimeter caliber Luger (the Handgun). Thus, the issue in this case is whether the Commonwealth established beyond a reasonable doubt that it was Appellant who used the Handgun in the November 2011 shooting.

At trial, three witnesses provided eyewitness accounts of the two shootings: Garren Tyler, India Tyler, and Eli Boyd. Garren testified that on November 9, 2011, Appellant and Johnson both pulled out guns and shot him and Randall Brown. N.T., 1/29/2015, at 69. In addition, Garren told police that "a black male jumped out of the bushes, raised a black handgun at [him] and started shooting." *Id*. at 87. Garren identified both Jeffrey Johnson and Appellant as his shooters. *Id*. at 91, 93-94. According to Garren, Jeffrey Johnson had a "dark-colored gun," but Garren could not "make out what kind of gun he had." *Id*. at 97. Garren also testified that Appellant had "a dark-colored gun." *Id*.

India Tyler, Garren's cousin, testified that she witnessed the November 2011 shooting, and Appellant's gun "was all black, a newer, square

---

[3] Appellant and Nafis Pennington were being tried in connection to two separate, but related shootings, one in November of 2011 and one in June of 2012. There were two victims in the November 2011 shooting, Garren Tyler and Randall Brown. A third shooter, Jeffrey Johnson, was also implicated in the November 2011 shooting. The victim in the June 2012 shooting was Kylief Harley. Both Appellant and Pennington were convicted for the November 2011 shootings, and were acquitted of all charges in the June 2012 shooting.

one" that was not a 38 caliber gun. N.T., 1/30/2015, at 70. She also stated that the gun used by Jeffrey Johnson was a "silver 38 revolver." *Id*.

Eli Boyd witnessed both shootings. He told police that Appellant, Pennington, and Johnson shot Randall Brown and Garren on November 9, 2011. He did not describe the guns that were used. With respect to the June 2012 shooting, Boyd testified that he witnessed the shooting, and Appellant used a large, silver gun in that shooting. N.T., 2/2/2015, at 77-78. He also testified that Pennington used "a large black gun." *Id*. at 78.

Five shell casings were found at the scene of the November 2011 shooting. Those shell casings matched the Handgun, which was found in June 2012, in the home of the mother of Pennington's child. Pennington testified that he had no idea how the Handgun ended up there.

The Majority concludes that this evidence is sufficient to establish the fact that Appellant used the Handgun in the November 2011 shootings. I disagree with this conclusion. The aforementioned evidence establishes that the Handgun was used by one of the three individuals involved in that shooting, because its shell casings were found at the scene. However, the gun used by Appellant was described as all of the following: "dark-colored," "large and silver," and "black, newer, and square." Viewing this conflicting testimony in the light most favorable to the Commonwealth as the verdict winner, I conclude that these inconsistent descriptions, in combination with the fact that the Handgun was found in a home associated with Pennington,

not with Appellant, do not satisfy section 6102. ***See Commonwealth v. Karkaria***, 625 A.2d 1167, 1172 (Pa. 1993) (holding that where "evidence presented at trial when carefully reviewed in its entirety, is so unreliable and contradictory that it is incapable of supporting a verdict of guilty," the evidence is "insufficient as a matter of law").

Based on the foregoing, I would vacate Appellant's judgment of sentence, reverse Appellant's convictions on those three counts, and remand for resentencing.[4]

---

[4] Appellant was sentenced to an aggregate term of 13 to 26 years of incarceration. Specifically, he was sentenced to consecutive sentences of four to eight years of incarceration for each aggravated assault conviction, a consecutive three to six years for conspiracy, and a consecutive two to four years for carrying a firearm without a license. Because I am reversing the firearms conviction, the trial court's entire sentencing scheme may be disrupted, and therefore, I would remand for resentencing.