J-S29007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHYAN MICHAEL STROSNIDER | : | |
| | : | |
| Appellant | : | No. 268 WDA 2025 |

Appeal from the Judgment of Sentence Entered June 25, 2024
In the Court of Common Pleas of Greene County Criminal Division at
No(s): CP-30-CR-0000333-2022

BEFORE: NICHOLS, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY NICHOLS, J.: **FILED: September 19, 2025**

Appellant Shyan Michael Strosnider appeals from the judgment of sentence imposed after a jury convicted him of possession of a firearm prohibited,[1] a violation of the Uniform Firearms Act (VUFA). Appellant challenges the weight and sufficiency of the evidence. After review, we affirm.

The trial court summarized the facts of the case as follows:

> Evidence was presented at the time of trial that [Appellant] was in possession of firearms on November 16, 2021. The Commonwealth also proved that [Appellant] was prohibited from possessing a firearm due to prior felony convictions. Evidence was presented that [Appellant] admitted to the possession of the firearms. This was established through the testimony of the Greene County Probation Officer as [Appellant] was supervised at the time of his conviction.

Trial Ct. Pa.R.A.P. 1925(a) Statement, 4/14/25, at 1 (unpaginated).

_____

[1] 18 Pa.C.S. § 6105(a)(1).

Following a jury trial, Appellant was convicted of possession of a firearm prohibited. On June 24, 2024, the trial court sentenced Appellant to three to seven years' incarceration.[2] On July 5, 2024, Appellant filed a post-sentence motion challenging the weight and sufficiency of the evidence. On January 28, 2025, the Court denied Appellant's post-sentence motion.

Appellant filed a timely notice of appeal. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Did the Commonwealth present sufficient evidence to support the [Appellant's] conviction?

2. Did the trial court err in denying a motion for new trial wherein it was asserted that there was not sufficient weight to establish convictions for [Appellant's] conviction?

Appellant's Brief at 9.

## Sufficiency of the Evidence

Appellant's first claim is that the evidence presented at trial was insufficient to convict him for possession of firearms prohibited. *Id.* at 15-18. Appellant primarily argues "that the Commonwealth failed to present any competent evidence that would support that [Appellant] had conscious dominion over the firearms recovered or proof beyond a reasonable doubt of [Appellant's] power and intent to control the firearms." *Id.* at 17-18. Appellant contends that his paramour was the purchaser of the firearms that

_____

[2] The court also ordered one year of re-entry supervision.

were recovered and that, while they each had access to the area where the firearms were recovered, his paramour "controlled the firearms to the exclusion of [Appellant.]" *Id.* at 18. Further, Appellant argues that there was no evidence to establish that the weapons retrieved in the home were "firearms" for purposes of the statute. *Id.*

Our standard of review for challenges to the sufficiency of the evidence is as follows:

> Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the factfinder.

*Commonwealth v. Palmer*, 192 A.3d 85, 89 (Pa. Super. 2018) (citation omitted and some formatting altered).

In order to convict a defendant of possession of a firearm prohibited, the Commonwealth must establish that the defendant was previously convicted of an offense enumerated in 18 Pa.C.S. § 6105(b) and that the defendant possessed, used, controlled, sold, transferred, or manufactured a firearm or they obtained a license to possess, use, control, sell, transfer or

manufacture a firearm. 18 Pa.C.S. § 6105(a)(1); *see Commonwealth v. Hewlett*, 189 A.3d 1004, 1009 (Pa. Super. 2018).

> [P]ossession can be found by proving actual possession, constructive possession, or joint constructive possession. Where a defendant is not in actual possession of the prohibited items, the Commonwealth must establish that the defendant had constructive possession to support the conviction. Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. We have defined constructive possession as conscious dominion, meaning that the defendant has the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.
>
> It is well established that, as with any other element of a crime, constructive possession may be proven by circumstantial evidence. In other words, the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the contraband at issue.

*Commonwealth v. Parrish*, 191 A.3d 31, 36-37 (Pa. Super. 2018) (citations omitted and formatting altered). Additionally, where contraband is found in a home where two people are residing, "constructive possession may be found in either or both actors if contraband is found in an area of joint control and equal access." *Commonwealth v. Mudrick*, 507 A.2d 1212, 1214 (Pa. 1986).

Finally, Section 6105[3] defines "firearms" as "any weapons which are designed to or may readily be converted to expel any projectile by the action of an explosive or the frame or receiver of any such weapon." 18 Pa.C.S. § 6105(i).

Here, Appellant concedes that he was previously convicted of an offense enumerated in Section 6105(b). *See* Appellant's Brief at 16 n.1. The testimony adduced at trial established that sometime in 2021 Cumberland Township Police Chief Bryan Smith saw Appellant standing in the road out in front of Appellant's home with a black semi-automatic rifle in his hands. N.T., 6/6/24, at 26-27. Appellant's Probation Officer Jason Taylor testified that, on November 16, 2021, he was preparing to search Appellant's home after receiving a report that there were firearms inside. *Id.* at 37, 42-43. Officer Taylor testified that his office was initially provided with the information regarding the firearm from an individual named James Roupe. *Id.* at 42. While preparing for the search, Officer Taylor's office received a phone call from Chief Smith, who apparently overheard the preparations for the search of Appellant's residence. *Id.* at 42-43. At that point, Chief Smith notified

---

[3] We note that appellate cites **Commonwealth v. Rapp**, 384 A.2d 961 (Pa. Super. 1978), for the proposition that "[w]eapons with barrels in excess of statutorily proscribed limits do not constitute 'firearms.'" Appellant's Brief at 18. However, this case predates the 1995 amendment to 18 Pa.C.S. § 6105, which added a separate statute specific definition of the term "firearm" that does not require proof of barrel length. **See Commonwealth v. Gillespie**, 821 A.2d 1221, 1224-25 (Pa. 2003) (discussing the 1995 amendment to § 6105 and comparing it to the general definition of "firearm" under § 6102).

Officer Taylor that he had witnessed Appellant with a rifle several weeks earlier. *Id.*

At approximately 11 a.m. on November 16, 2021, Officer Taylor, along with probation officers Colin Sargent and Jennifer Rizor,[4] conducted a search of Appellant's home. *Id.* at 37-38, 47, 53, 58. After being told that a search of the home was imminent, Appellant admitted to Officer Taylor that there were guns in the home and showed Officer Taylor to the bedroom he shared with his paramour, Alyssa Vernon. *Id.* at 38-39, 44, 81. Appellant then indicated to Officer Taylor that the gun was kept under the couple's bed. *Id.* at 39, 81. Officer Smith recovered a Smith and Wesson MP15-22 .22 caliber long rifle from under the bed. *Id.* at 39, 56-58. The weapon did not have a lock on it. *Id.* at 40. The rifle was admitted into evidence at trial. *Id.* at 57-58.

Additionally, during the search, officers Sargent and Rizor recovered an ammunition magazine along with an AR type rifle in an open area propped up against a minifridge in a back room of Appellant's residence. *Id.* at 47, 59-62. Officer Sargent identified the weapon as a Radical Firearms RF-15. *Id.* at 60. The rifle was unlocked. *Id.* at 60. This rifle was also admitted into evidence at trial. *Id.* at 62.

---

[4] At the time of trial, Officer Jennifer Rizor's name was Jennifer Taylor. *See* N.T., 6/6/24, at 58. We utilize her name as of the time of the search to avoid confusion with Officer Jason Taylor.

Viewing the evidence presented at trial in the light most favorable to the Commonwealth as the verdict winner, we conclude that the evidence was sufficient for the jury to convict Appellant of Possession of a Firearm Prohibited. **See Palmer**, 192 A.3d at 89; **Hewlett**, 189 A.3d at 1009; 18 Pa.C.S. § 6105(a)(1). As stated above, Appellant concedes that he was previously convicted of an enumerated offense that makes him ineligible to possess a firearm.

As to possession, Chief Smith witnessed Appellant with a long rifle outside of Appellant's home. Several weeks later probation officers found two unlocked rifles in the home that Appellant shares with his paramour, including one under their bed and one propped up against a minifridge in an open back room of their home. Appellant directed probation officers to the location of the firearm found under the bed. This evidence was sufficient to prove possession. **See Parrish**, 191 A.3d at 36-37; **see also Mudrick**, 507 A.2d at 1214 (finding constructive possession was established based upon evidence that the defendant lived in the residence and shared the bedroom where the contraband was found in plain view).

Finally, as to Appellant's argument that the Commonwealth did not establish that the rifles recovered from his home were "firearms" as defined by the statute, the manufacturer and model of both rifles was identified at trial and both rifles were admitted into evidence and available for the jury to inspect. **See** N.T., 6/6/24, at 57-58, 62; **see also Commonwealth v. Freeman**, 1046 EDA 2020, 2021 WL 1944392, at *10 (Pa. Super. filed May

14, 2021) (unpublished mem.) (stating that "where the gun itself was admitted into evidence and available for the jury's inspection," the evidence was sufficient to prove the gun is a firearm (citing, *inter alia*, **Commonwealth v. Jennings**, 427 A.2d 231 (Pa. Super. 1981))).[5,6]  Accordingly, we conclude that the evidence presented at trial was sufficient to prove every element of Possession of a Firearm Prohibited beyond a reasonable doubt.  **See Palmer**, 192 A.3d at 89.  No relief is due.

## Weight of the Evidence

Appellant's next claim is that the trial court erred in denying his post-sentence motion challenging the weight of the evidence.  Appellant's Brief at 18-19.  Appellant contends that the verdict was against the weight of the evidence because the jury failed to attribute sufficient weight to the testimony of his paramour, Alyssa Vernon, who testified that she purchased the firearms recovered from the home and "stored them to the exclusion of [Appellant]." *Id.* at 19.  Additionally, Appellant argues that the jury should have disregarded Chief Smith's testimony because "he was unable to recount when

---

[5] **See** Pa.R.A.P. 126(b) (stating this Court may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value).

[6] We note that the **Freeman** court was considering whether a gun was a "firearm" as defined under 18 Pa.C.S. § 6102.  **See Freeman**, 2021 WL 1944392, at *9-10.  However, "Section 6102 has a more restrictive definition of 'firearm'" and "[t]he broader definition of 'firearm' in § 6105 was intended as a substitute for the narrower definition in § 6102, when dealing with possession by a convicted criminal."  **Gillespie**, 821 A.2d at 1224-25.  We do not believe that the Commonwealth was required to admit additional evidence to prove a gun was a "firearm" under the broader definition under § 6105. **See id.**

he allegedly observed [Appellant] possessing . . . a firearm[]" and, because Chief Smith was driving when he observed Appellant, he "could not have been in a position to determine if the item being held was firearm as defined per statute." *Id.* at 20.

When reviewing a challenge to the weight of the evidence, we are governed by the following standard of review:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Windslowe*, 158 A.3d 698, 712 (Pa. Super. 2017) (citations omitted).

As this Court has repeatedly stated:

> The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none, or some of the evidence and to determine the credibility of the witnesses. Resolving contradictory testimony and questions of credibility are matters for the finder of fact. It is well-settled that we cannot substitute our judgment for that of the trier of fact.
>
>          *     *     *
>
> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest

consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

Furthermore, in order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.

*Commonwealth v. Spence*, 290 A.3d 301, 311 (Pa. Super. 2023) (citations omitted and formatting altered); *see also Commonwealth v. Blackham*, 909 A.2d 315, 320 (Pa. Super. 2006) (stating that "[i]t is not for [the appellate court] to overturn the credibility determinations of the fact-finder" (citation omitted)).

Here, the trial court explained:

A new trial is warranted on weight of the evidence grounds only in truly extraordinary circumstances, *i.e.*, when the jury's verdict is so contrary to the evidence that it shocks one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. The verdict here does not meet the aforementioned criteria.

The jury heard witness testimony, observed witness demeanor, judged witness credibility, and received appropriate instructions from the trial judge, the jury chose to believe the Commonwealth and returned a unanimous verdict of guilty. There is nothing to suggest that the jury verdict was so contrary to the weight of the evidence that it would shock one's sense of justice.

Trial Ct. Order, 1/27/25, at 2 (unpaginated) (quotation marks and footnote omitted).

Following our review of the record, we discern no abuse of discretion by the trial court. **See Windslowe**, 158 A.3d at 712. While Appellant argues that the jury should have believed the testimony of his paramour and disregarded the testimony of Chief Smith, the jury was free to believe all, none, or some of their testimony. **See Spence**, 290 A.3d at 311. Further, the jury alone, sitting as fact-finder, was tasked with determining the credibility of the witnesses and we will not substitute our judgment for the trier of fact. **See id.**; **Blackham**, 909 A.2d at 320. Therefore, Appellant is not entitled to relief on this claim. Accordingly, we affirm.

Judgment of sentence affirmed. Jurisdiction relinquished

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

9/19/2025